IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RAJESH DEWAN,

Plaintiff,

v.

ARAMARK FOOD AND SUPPORT SERVICES GROUP, INC., a Delaware corporation

Defendant.

_____

## COMPLAINT
_____

Plaintiff, by and through the undersigned counsel, for his Complaint against the Defendant, Aramark Food and Support Services Group, Inc., states and alleges as follows:

### GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiff, Rajesh Dewan, is a citizen of and has resided in the State of Virginia.

2. The tort(s) detailed more fully below occurred on October 4, 2019, while Plaintiff was in Colorado and a guest at Far View Lodge (hereinafter, "The Property") located at Mile Marker 15, Mesa Verde National Park, CO 81330.

3. Defendant Aramark Food and Support Services Group, Inc., is a Delaware Foreign Corporation with its principal office located at 2400 Market Street, 29th Floor, Philadelphia, PA 19103. Defendant manages/managed, operates/operated, and/or oversees/oversaw the management, maintenance and/or the operations of The Property at the time of the incident alleged herein, including safe operational practice training, protocols, and corporate standards. Its agent for service is C T Corporation System, 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268, with a mailing address of: 5880 Nolensville Pike, Tax Dept, Nashville, CO 37211.

4. Jurisdiction is proper based on diversity under 28 U.S.C. § 1332 because Plaintiff is a citizen of Virginia, a different state than the Defendant's state of citizenship, and the aggregate amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.	Defendant negligently maintained the property.  Pathway lighting from the main building to Plaintiff's guestroom, were not working the night of the incident. Plaintiff fell 4 to 5 feet off the pathway's embankment, dislocating and fracturing his ankle requiring emergency transport to the Emergency Room and a premature return flight back home the next day to undergo surgery.

6.	Plaintiff was seriously injured as a result of the unnecessary fall.

7.	At all times relevant to this action, Plaintiff was an "invitee" as defined by C.R.S. § 13¬21-115(5)(b) (as Plaintiff was present on The Property to "transact business in which the parties [were] mutually interested").

8.	At all times relevant to this action, Defendant was classified as "landowners," as defined by C.R.S. § 13-21-115(5)(b).  The Defendant was not only the entity in possession of the real property, but also the entity legally responsible for the condition of the real property and legally responsible for the activities conducted and circumstances then existing on The Property when Plaintiff was injured.

9.	As an "invitee," Plaintiff was legally entitled to enter onto, and remain on, The Property to conduct business and was entitled to expect protection from, and/or warnings of, dangerous conditions, activities, or circumstances then existing on or about The Property about which Defendants knew existed (as detailed more fully below) or should have known existed on The Property with the exercise of reasonable care.

10.	At all times relevant hereto, Plaintiff's conduct did not cause, nor contribute to, the subject injury and therefore, Plaintiff was not comparatively negligent in causing or contributing to his injuries.

11.	Based on the foregoing, Defendant had a statutorily-created duty to protect Plaintiff, an invitee, from dangerous conditions, activities, and/or circumstances which existed on or about The Property and of which Defendant knew, or should have known, existed or were likely to exist on The Property had Defendant exercised reasonable care.

12.	Because Plaintiff's injuries occurred while on The Property; because Plaintiff's injuries occurred by reason of the condition, activities conducted, or circumstances then existing on the Property; because Defendant actually knew, or, at minimum, should have known, about the likelihood of nonfunctioning pathway lighting on and around its designated walkways; and because Defendant breached the duty of care owed to Plaintiff as an invitee, when it failed and/or refused to ensure that its walkways were safe, Defendant was negligent and violated the Premises Liability Act and Plaintiff is entitled to compensation as a result of the injuries, damages, and losses he sustained or incurred.

13.	Due to Defendant's failure and/or refusal to provide a reasonably safe environment for invitees like Plaintiff, through even the most basic means, and Defendant's

failure to provide any warning of the dangerous condition which it was aware existed, or knew was likely to exist on The Property, Plaintiff injured, among other areas, his leg necessitating surgery.

14. The injuries sustained by Plaintiff, and the treatment he was forced to undergo, entitles Plaintiff to recover from Defendant for both economic and non-economic damages, including, but not limited to, reasonable and necessary medical and rehabilitation expenses related to the aforementioned injuries as well as for his pain and suffering, his loss of enjoyment of life, his duties performed under duress, and permanent impairment/disfigurement, etc.

15. The exact amount of Plaintiffs damages and losses, in all categories, will be established at trial.

## FIRST CLAIM FOR RELIEF
### (Negligence)

16. Plaintiff incorporates verbatim all prior allegations.

17. Defendant owed duties to Plaintiff, and other guests of The Property owned, operated, managed and/or maintained by Defendant, to use reasonable care in the management and/or maintenance of The Property such that dangerous conditions which existed, and/or which were created by Defendant, on The Property were readily identified and remedied.

18. Defendant knew or should have known that nonfunctioning pathway lighting on and around its designated walkways on The Property could cause invitees like Plaintiff to be unnecessarily injured.

19. Defendant breached the duties owed to Plaintiff by failing to ensure there was adequate pathway lighting on its premises around The Property.

20. As a direct and proximate causal result of the negligence of Defendant, Plaintiff suffered injuries and damages, some likely permanent, including but not limited to, an injured ankle necessitating surgery.

21. As a direct and proximate result of the negligence, and/or actions or inactions, of Defendant, Plaintiff has also incurred damages, including but not limited to, economic damages in the form of reasonable and necessary medical and rehabilitation expenses incurred to date and future medical expenses; as well as non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, permanent impairment/disfigurement; and duties under duress damages.

22. Plaintiff seeks judgment for all damages directly or indirectly produced by these acts or omissions of negligence.

## SECOND CLAIM FOR RELIEF
### (Colorado Premises Liability Act; C.R.S. § 13-21-115)

23. Plaintiff incorporates verbatim all prior allegations. Pursuant to the Premises Liability Act, Defendant was considered "landowners" of The Property on which Plaintiff was injured; and, as a result, had a duty to avoid the creation of dangerous conditions, and/or remedy dangerous conditions of which it knew or should have known existed on the premises had it exercised reasonable care.

24. Defendant had a statutorily created duty to Plaintiff, as an "invitee," to protect and/or warn Plaintiff against dangers, or remedy dangers, which Defendant knew or should have known existed on The Property and/or which were created by Defendant.

25. Because Defendant knew or should have known about the dark pathway and nonfunctioning pathway lighting on its premises around The Property, Defendant had a duty to prevent fall dangers, inspect the areas around The Property; ensure that the walkways were fit and safe for nighttime use; and/or, warn of the dangers.

26. Defendant breached the foregoing duties when Defendant failed and/or refused to safely illuminate the designated pathways to avoid slip or fall dangers, inspect the areas around its premises and walkways; ensure that its lighting properly functioned, especially around the walkways; and/or, warn of the dangers around The Property's pathways.

27. As a direct and proximate causal result of the failure of Defendant to exercise reasonable care to ensure that it did not unreasonably place invitees at risk of injury, Plaintiff sustained severe injuries and incurred significant damages and losses.

28. As a direct and proximate causal result of the breach of these duties by Defendant, Plaintiff suffered injuries and damages, some likely permanent, including but not limited to, an injured ankle necessitating surgery.

29. As a direct and proximate result of the negligence, and/or actions or inactions, of Defendant, Plaintiff has also incurred damages, including but not limited to, economic damages in the form of reasonable and necessary medical and rehabilitation expenses incurred to date and future medical expenses; as well as non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, permanent impairment/disfigurement; and duties under duress damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant for all general damages, special damages, statutory damages, attorneys' fees as permitted by law, statutory and necessary costs, and expenses including, but not limited to, costs and expenses incurred, or to be incurred, regarding expert witness fees and the investigation and discovery required to present including, but not limited to:

a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the acts or omissions complained of herein and such charges were reasonable and were usual and customary charges for such services in the locales where rendered;
b. Reasonable and necessary medical care and expenses that will in all probability be incurred by Plaintiff in the future;
c. Physical pain and suffering in the past;
d. Mental anguish in the past;
e. Physical pain and suffering in the future;
f. Mental anguish in the future;
g. Impairment in the past;
h. Impairment in the future;
i. Loss of Enjoyment of life past and future;
j. Pre- and post-judgment interest as allowed by law;
k. Costs of Court;
l. Interest to the fullest extent provided by law, including pre- and post-judgment interest pursuant to CRS §§ 13-21-101 and 5-12-102; and
m. For such other and further relief as this Court deems just and proper.

Respectfully submitted this Wednesday, September 29, 2021.

By  */s/ Margaret E. Foley*
Margaret E. Foley, #40960
DOWNS, MCDONOUGH COWAN & FOLEY, LLC
2051 Main Avenue
Durango, CO 81301-4645
970-247-8020
970-247-8877 (fax)
meg@swcolaw.com

**Attorneys for Plaintiff**